UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BONAFACIO CHAVEZ-TORRES,<br><br>Defendant. | Case No. CR00-5585FDB<br><br>ORDER DENYING PETITION<br>TO MODIFY RESTITUTION |

Before the court is the petition of Defendant Bonafacio Chavez-Torres seeking modification of the restitution portion of the judgment imposed on January 18, 2002. Defendant claims that since his sentencing and incarceration that his economic situation has changed dramatically. The court, having review the petition, response of the government, and balance of the record, finds that a change in the restitution is not warranted.

I.

On December 11, 2000, defendant was convicted following a jury trial of Possesison with Intent to Distribute Methamphetamine, Conspiracy to Manufacture Methamphetamine, Attempt to Manufacture Methamphetamine, and Establishment of a Manufacturing Operation. At sentencing on January 18, 2002, defendant was ordered to pay the mandatory $100 penalty assessment and $30,000.00 in restitution to Enid Magill, the owner of the buildings and property that were contaminated and polluted. The court ordered that the monetary amounts were due immediately and any unpaid amount was to be deducted pursuant to the Inmate Financial Responsibility Program (IFRP) while defendant was incarcerated. The court also noted that defendant's circumstances were

ORDER - 1

such that he was unlikely to ever be able to pay any other fine or interest on his monetary obligations.

Defendant appealed and on December 18, 2002, the Ninth Circuit issued its order affirming the conviction. The mandate issued on January 9, 2003. In April and May of 2003, defendant filed petitions pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. The gist of defendants' claims were that he was denied effective assistance of counsel. Two of defendant's claims were dismissed on February 23, 2004, because they had been determined on direct appeal, and the remainder of defendant's claims were dismissed on June 3, 2004. Defendant's requests for certificate of appealability were denied by this court on August 4, 2005, and by the court of appeals on August 10, 2005.

On March 6, 2006, defendant filed the instant petition to modify restitution. Defendant has made no previous claim that he should be relieved from compliance with the requirements of the IFRP as previously ordered by the court.

II.

According to his petition, defendant was involved in the IFRP and was employed within the Bureau of Prisons, earning $45.00 per month. Because of his salary, defendant contends that the IFRP determined that the monthly payments towards his restitution could be increased from $25.00 every three months to $50.00 every three months. Due to the increase, defendant chose to no longer participate in the IFRP and has now discovered that he is not entitled to the same privileges that he previously had under the IFRP. In addition to the $45.00 that he was making in his IFRP employment, defendant's wife sends him $50.00 per month. However, defendant claims that he needs all of this money to spend at the commissary because the "food choice, quantities and qualities are standards much less than what is considered proper under a BOP Institution."

Plaintiff argues that defendant is actually in a better financial situation now than he was at the time of sentencing, when he had been unemployed with no earnings for the previous two years of his incarceration at the Federal Detention Center at SeaTac. In addition, plaintiff contends that

ORDER - 2

defendant's request that he be allowed to make no payments towards restitution until he is finished serving his sentence is disingenuous as defendant will be deported and it is highly unlikely he will continue to pay restitution.

### III.

18 U.S.C. § provides, in relevant part:

> Upon receipt of the notification [of a material change in the defendant's financial economic circumstances] the court may, on its own motion, or the motion of any party, including the victim, adjust the <u>payment schedule</u>, or require immediate payment in full, as the interests of justice require.  18 U.S.C. § 3664(k) (emphasis added).

Defendant has failed to demonstrate any material change in his financial circumstances warranting an adjustment in the payment schedule.  The court does not find a material change resulting from defendant's voluntary withdrawal from participation in the IFRP or in his decision to use funds to supplement the available food choices at his institution.

ACCORDINGLY,

IT IS ORDERED:

(1)   Defendant's petition to modify sentencing/restitution (Dkt.#175) is **DENIED**.


DATED this 22nd  day of March, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3